UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| KRISTINE THAYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:09-cv-19-B-S |
| ) | |
| EASTERN MAINE MEDICAL CENTER ) | |
| and MOHAMMED TABBAH, ) | |
| ) | |
| Defendant. ) | |

**ORDER RESPECTING STATE LAW MEDICAL PEER REVIEW PRIVILEGES**

Plaintiff Kristine Thayer, formerly a physician with Defendant Eastern Maine Medical Center (EMMC), sued her former employer, alleging gender discrimination and whistleblower retaliation, based on, among other things, disparate treatment in connection with the medical peer review process set forth in the Maine Health Security Act.  Dr. Thayer seeks to discover, in support of her claims, all of the records and documents generated in connection with peer review proceedings associated with her professional competence.  In addition, Dr. Thayer seeks to discover all of the records collected with regard to peer review or evaluation of the medical skills of Dr. Mohammad[1] Tabbah, a physician with a similar professional practice area who received, according to Dr. Thayer, significantly better working conditions, privileges, and treatment in general from EMMC than she did, for no apparent reason other than his sex or gender.  Because her claim is directed toward the allegedly disparate treatment that she and Dr. Tabbah received from EMMC, Dr. Thayer maintains that discovery of the peer review records for Dr. Tabbah is

---

[1] The complaint (and hence the docket) names Mohammed Tabbah rather than Mohammad Tabbah.  The Defendants papers reflect that there has been a misspelling of Mohammad.

essential to her claim.  EMMC and Dr. Tabbah object to these discovery requests because peer review records ("professional competence reports") are subject to confidentiality pursuant to Subchapter 1 of the Maine Health Security Act.  24 M.R.S. §§ 2501-2511.[2]  EMMC has produced a privilege log demonstrating that responsive documents are available for both Dr. Thayer and Dr. Tabbah.  (Privilege Log, Doc. 24-2.)  I overrule the defendants' objections and order production of the documents subject to limited confidentiality, as described in the conclusion of this order.

## Discussion

The Maine Health Security Act sets up a statutory scheme whereby "professional competence committees" and "professional review committees" may study, evaluate, investigate, recommend, or take certain action pertaining to, among other things, a physician's competence, conduct or performance.  24 M.R.S. § 2502(4), (4-A), (4-B).  The Act provides for the confidentiality of information and records received and maintained by the Board of Licensure, id. § 2510, or by a professional competence review committee, id. § 2510-A.  Judging from the privilege log, the only records at issue in this discovery dispute are records received and maintained by competence review committees.  The relevant language of 2510-A is as follows:

> [A]ll professional competence review records are privileged and confidential and are not subject to discovery, subpoena or other means of legal compulsion for their release to any person or entity and are not admissible as evidence in any civil, judicial or administrative proceeding. Information contained in professional competence review records is not admissible at trial or deposition in the form of testimony by an individual who participated in the written professional competence review process.

---

[2]  A similar confidentiality law applies to records of proceedings of medical staff review committees.  32 M.R.S. § 3296.

2

Id. The statute provides certain exceptions to the confidentiality rule, none of which apply here. Id. Dr. Tabbah has a right to invoke the protection of the confidentiality provision with respect to committee proceedings related to his professional competence. Id. § 2510-A(1).

Application of the Maine peer review privilege in this federal court proceeding is governed by Rule 501 of the Federal Rules of Evidence:

> Rule 501. General Rule
>
> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

Rule 501 ensures that, where federal claims are concerned, state law privileges will not override the public's "right to every man's evidence," unless the privilege "promotes sufficiently important interests to outweigh the need for probative evidence." Univ. of Pa. v. EEOC, 493 U.S. 182, 189 (1990) (quoting Trammel v. United States, 445 U.S. 40, 50-51 (1980)). In University of Pennsylvania v. EEOC, the Supreme Court refused to recognize a privilege for peer review materials related to academic tenure determinations. Id. at 189. Here the defendants ask the Court to recognize the same privilege in the medical peer review context, ostensibly because the confidentiality of medical peer review is more imperative than confidentiality with respect to academic tenure determinations. I am not persuaded by the argument that the truth-seeking process served by civil discovery should give way to a medical peer review privilege, particularly as the Court has the power to restrict further dissemination of materials beyond what is necessary for the presentation of evidence at trial. I recognize that some federal district courts

3

have recognized the privilege, as cited in the defendants' written support for its objection (see Doc. No. 24 at 7-8), but I agree with the rationales expressed by the Courts of Appeals for the Fourth, Seventh, and Eleventh Circuits that the presumption against privileges is not overcome when the medical peer review privilege is weighed against the discovery of evidence necessary to support the potential vindication of important federal rights, such as the rights protected by Title VII of the Civil Rights Act of 1964, and that the interests served by the privilege can be preserved through means falling short of a total ban on discovery. Adkins v. Christie, 488 F.3d 1324, 1329-30 (11th Cir. 2007) ("The district courts are well-equipped with a variety of mechanisms to ensure that peer review materials, once furnished through discovery, are not compromised by wayward hands, *i.e.*, redaction of extraneous or confidential information, in-camera review and protective orders."); Vimani v. Novant Health, Inc., 259 F.3d 284, 289 (4th Cir. 2001) ("The interest in facilitating the eradication of discrimination by providing perhaps the only evidence that can establish its occurrence outweighs the interest in promoting candor in the medical peer review process."); cf. Memorial Hosp. v. Shadur, 664 F.2d 1058, 1059-60, 1063 (7th Cir. 1981) (*per curiam*) (supplying similar analysis, but with respect to a claim that defendants abused the peer review process to destroy the plaintiff's practice for anticompetitive purposes).[3] Accordingly, I overrule the defendants' objections to the plaintiff's first and seventeenth requests for production, both of which discovery initiatives are necessary to demonstrate Dr. Thayer's claim that EMMC subjected her and Dr. Tabbah to disparate treatment based on gender.

---

[3] I issued a similar order in another case in 2000. See Marshall v. Spectrum Med. Group, 198 F.R.D. 1 (D. Me. 2000), from which I draw the limited protective order described in the conclusion herein.

Dr. Thayer also requests that I reconsider a ruling I made in the course of our initial telephonic discovery conference, when I sustained EMMC's objection to Dr. Thayer's tenth request for production, seeking: "All records pertaining to any discipline or 'peer review' of female medical staff at EMMC, including but not limited to: Dr. Judy McGann; Dr. Vicky Sidou; Dr. Joanne Pellegrini; Dr. Patricia Griffiths; and Dr. Kirchner." (Thayer Mem. at 2, 6-7 & n.2.) Dr. Thayer offers that she "is seeking to determine whether there is a pervasive use of peer review procedures against women physicians within the hospital." (Id. at 7.) I continue to regard this particular request as overbroad and unduly burdensome. My decision to sustain EMMC's objection is not premised upon the medical peer review privilege.

## Conclusion

The defendants' objections to requests for production 1 and 17 are OVERRULED. The defendants will produce the requested discovery subject to the following limitations:

(1) That the identifying information, such as the specific name of any individual, physician, or health care practitioner submitting or discussing such information, be redacted, except for the names of Dr. Tabbah, Dr. Thayer, and Dr. Mark Brown[4];

(2) That any redacted identifiers be replaced with a reference to whether the party was a physician employed by EMMC, a non-physician employed by EMMC, or a physician or non-physician employed by some other entity, without revealing the identity of that other entity, unless it is an affiliate or subsidiary of EMMC;

(3) That the information may be disclosed only to the parties, their attorneys, and their designated expert witnesses; and

(4) That the disclosed information may be used in the prosecution or defense of this action, but subject to limited confidential treatment. No pleadings, motions, or memoranda filed with the Court will be sealed by the Court, but prior to filing any such materials, the plaintiff shall notify the defendants' attorneys of her intended filing and shall insure that any document subject to this order is identified as "confidential" and filed under seal.

---

[4] According to the complaint, Dr. Brown is the Chief of Pediatric Services. (Compl. ¶ 37.) Dr. Thayer alleges that Dr. Brown instituted peer review proceedings against her in retaliation for her expression of concern about Dr. Tabbah's competence. (Id. ¶ 38.)

5

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed.R.Civ.P. 72.

*So Ordered.*

June 16, 2009                     /s/ Margaret J. Kravchuk
                                  U.S. Magistrate Judge