UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| **KRISTINE THAYER,** )<br>)<br>**PLAINTIFF** )<br>)<br>v. )<br>)<br>**EASTERN MAINE MEDICAL** )<br>**CENTER, ET AL.,** )<br>)<br>**DEFENDANTS** ) | **CIVIL NO. 09-19-B-H** |

**MEMORANDUM DECISION AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO FRONT PAY**

At oral argument on April 1, 2010, I ruled from the bench on the defendant Eastern Maine Medical Center's Motion for Summary Judgment, reserving the single issue whether the plaintiff had waived any claim for front pay. I conclude now that she did not waive the claim.

**PROCEDURAL SETTING**

On January 16, 2009, the plaintiff filed her federal complaint alleging gender discrimination under 42 U.S.C. § 2000-e, retaliation under the Maine Whistleblowers' Protection Act, 26 M.R.S.A. § 833, and Maine common law defamation. Compl. ¶¶ 30-50 (Docket Item 1). On November 10, 2009, the plaintiff amended her complaint, dropping her federal claim but continuing to allege state law retaliation (Count 1) and defamation (Count 2). Am. Compl. ¶¶ 29-44 (Docket Item 31). (Jurisdiction now is based upon diversity of citizenship.) With regard to her state law retaliation claim, the plaintiff asked

for relief in the form of "back pay, *front pay*, compensatory damages, punitive damages, attorney's fees, interest, costs and such further relief as the court deems just." Id. at 6 (Prayer for Relief) (emphasis added).

Eastern Maine Medical Center moved for summary judgment as to Count 1, the retaliation claim, asserting that it was entitled to judgment as a matter of law on liability because it took no adverse action, there was no retaliatory motive, and there was no constructive discharge. It also requested summary judgment on damages, contending that the Maine statute prevents recovery of compensatory and punitive damages (not the same thing as back and front pay under Maine law) because the plaintiff filed a late administrative complaint. In its 20-page Motion for Summary Judgment, it made a separate one-sentence argument about front pay:

> Dr. Thayer is further precluded from receiving any award of front pay for the reason that she is not pursuing a claim for reinstatement [Nov. 10, 2009, Amended Complaint and Demand for Jury Trial, ad damnum clause]. *Greene v. Union Mut. Life Ins. Co.*, 635 F. Supp. 1437, 1438 (D. Me. 1986), and cases cited therein (front pay cannot be awarded where no claim is made for reinstatement).

Def.'s Mot. for Summ. J. at 19 (Docket Item 43). The plaintiff did not respond to that statement in her opposition to summary judgment, and in its Reply, the defendant stated:

> Plaintiff does not dispute the point that her Amended Complaint does not seek the remedy of reinstatement. Since this remedy is not sought, front pay is not available. *Greene v. Union Mut. Life Ins.*, 635 F. Supp. 1437, 1438 (D. Me. 1986).

Def.'s Reply to Opp'n to Summ. J. at 14 (Docket Item 68). At oral argument, I asked the plaintiff's lawyer whether the plaintiff was waiving the front pay claim, and he said no.

### ANALYSIS

Under Maine law, front pay is available as a remedy in employment discrimination cases "if reinstatement is not feasible." Mercier v. Town of Fairfield, 628 A.2d 1053, 1056 (Me. 1993) (citations omitted) (holding that reinstatement was not feasible because an employer had hired a replacement); see also Traylor v. Windsor Sch. Dep't & Sch. Union No. 51, 1999 Me. Super. LEXIS 249, at *10-11 (Me. Super. Ct. Sept. 9, 1999) ("[R]einstatement may not be feasible where the work relationship to which the plaintiff may return is hostile or the employer/employee relationship has been irreparably harmed." (citation omitted)).[1]

Maine's rule mirrors the federal standard that front pay "should not be awarded unless reinstatement is impracticable or impossible." Arrieta-Colon v. Wal-Mart P.R., Inc., 434 F.3d 75, 91 (1st Cir. 2006) (citation omitted); see also Johnson v. Spencer Press of Me., Inc., 364 F.3d 368, 379 (1st Cir. 2004) (stating that while "juries are generally entrusted with decisions on back pay when the jurors are already deciding liability and compensatory damages," front pay awards "are generally entrusted to the district judge's discretion" (citations omitted)). As to the impossibility and impracticality of reinstatement,

---

[1] Although the Maine Human Rights Act does not specifically provide for front pay, Maine courts look to federal case law for guidance in construing state anti-discrimination laws, Percy v. Allen, 449 A.2d 337, 342 (Me. 1982), and federal courts construing the Maine Human Rights Act have found that front pay is an available remedy, see Johnson v. Spencer Press of Me., Inc., 364 F.3d 368, 378-79 (1st Cir. 2004) (citations omitted).

3

the Supreme Court has explained that "reinstatement is not viable" if there is "continuing hostility between the plaintiff and the employer or its workers" or if the plaintiff has suffered "psychological injuries . . . as a result of the discrimination." Pollard v. E. I. du Pont de Nemours & Co., 532 U.S. 843, 846 (2001) (citations omitted). Similarly, the Court has recognized that front pay can be "appropriate given substantial animosity between parties where 'the parties' relationship was not likely to improve, and the nature of the business required a high degree of mutual trust and confidence.'" Id. at 850 (quoting Brooks v. Woodline Motor Freight, Inc., 852 F.2d 1061, 1066 (8th Cir. 1988)); see also Abuan v. Level 3 Communs., Inc., 353 F.3d 1158, 1176 (10th Cir. 2003) (stating that reinstatement may be impractical where the lawsuit has caused irreparable harm to the employer-employee relationship (citation omitted)). Of course, a plaintiff cannot get a front pay award if she has made reinstatement impossible. See Sellers v. Mineta, 358 F.3d 1058, 1064 (8th Cir. 2004) (stating that front pay is available only if reinstatement is "impossible due to circumstances not attributable to the plaintiff"). These are all factual issues for the jury, unless the plaintiff has somehow waived her claim.

Greene v. Union Mutual Life Insurance Company, an ADEA case cited by the defendant, held that front pay is not available "where no claim is made in the litigation for . . . *reinstatement*." 635 F. Supp. 1437, 1438 (D. Me. 1986) (citation omitted) (emphasis added). But in a more recent ADEA case, Judge Woodcock has held that a failure specifically to ask for reinstatement and front pay does not bar an award of front pay so long as a plaintiff has asked for "additional relief." Deslauriers v. Chertoff, 640 F. Supp. 2d 104, 107 (D. Me.

4

2009).  I believe that in interpreting Maine's Whistleblowers' Protection Act, the Maine Law Court would follow Deslauriers.  Here, the plaintiff did better than Deslauriers and actually asked for "front pay . . . and such further relief as the court deems just."  Am. Compl. at 6 (Prayer for Relief).  Although she did not explicitly request reinstatement in the Amended Complaint, given the facts in this case, I take the plaintiff's explicit request for front pay to be an implicit assertion that reinstatement is impossible or impractical.  The question here, as in Deslauriers, is whether the plaintiff has raised a genuine issue of material fact whether reinstatement is impractical.  I conclude that she has.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion for Summary Judgment is **DENIED** in full.

**SO ORDERED.**

**DATED THIS 7TH DAY OF APRIL, 2010**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

5